case number 21-6038 United States of America v. James Clark III. Oral argument is not to exceed 15 minutes per side. Ms. Smothers for the appellant. You may proceed. Thank you, Your Honor. I would like to first state to the panel and to Your Honor, I appreciate the court's graciousness in restructuring the setting of this argument based on my illness. I do appreciate that. I know that's an inconvenience for the court and for all involved, so I do appreciate that. Do you feel better, Counselor? Do you feel better? Yes. I would first say, not in a flippant way at all, but in a very serious way, that here we are again. Here I am again, and as Mr. Ritz also, this matter having been this issue, having been before the court in the Williams case, as Your Honors are aware, and also in the Perry matter that followed closely behind that, fortunately, we stand here today with a different standard of review, which is not determinative, but I think it is a critical factor, as was noted in the opinion in Perry case. There is very little dispute, if any, as to what the background of this case is, as Your Honors are aware. There's a prior conviction for possession with intent to distribute marijuana under an earlier version of a Tennessee statute that is a qualifier, that is set out as a qualifier for a career offender status under the guidelines for Mr. Clark. It increased both his offense level and also his criminal history category, as is often true. I think under the, it's clear and undisputed, I think the categorical approach under the Garth case controls how priors are reviewed to see what they, what category they may fall into. I think that it's also undisputed, and I think the government has said as much in relation to the Williams and Perry earlier matters, that there's no dispute what was the least conduct criminalized under the earlier Tennessee statute, the prior version, was possession of hemp, any version of that, which was illegal at that time. At one time, also under the guidelines, or the CSA, the schedules federally, that changed in 2018, federally first, and then a few months later with the Tennessee statute following suit, if you will. But I think our issue here today is when, when is the review done? To what time are we looking? And as we've argued, as it was argued in, I think in Perry and in Williams, and certainly as we argue here today, and as the court found in Williams and is referenced in Perry, although the basis of the ruling was unsuccessful because of the plain error review standard, but that what we're looking at, what is properly looked at, is the state conviction, the elements of that at the time of the conviction, in the categorical approach where stacking it on top of, if you will, the federal guidelines. The federal guidelines at the time of sentencing, at the time he's being sentenced in federal court, does that state prior match, if you will, or does it exceed the federal definitions, the federal constraints, in this case of a controlled substance offense? And it does. Hemp is no longer included. But at the time, of course, Ms. Smothers, I mean, we all know, we have to acknowledge that it was, right, at the time he was sentenced, it was among the elements of his conviction, right? Yes, your honor. So why don't we, I mean, you know, the argument, we both know the argument is whether we have a backward looking or not, right? Yes. And unfortunately, you've got me who wrote what you didn't want to read in Williams, okay? So that's just a little bit of bad luck. But so when you say it's kind of simple, it's actually not, right? It's, we have his conviction, but you're now looking at the or for my taste, I'm not quite sure you're acknowledging, yeah, but when he got convicted, hemp was part of the deal, right? Oh, and there's no, we certainly would never factually dispute that, your honor. Absolutely. Of course, yes, sir. Yes, ma'am. I think, and respectfully, and obviously I have read many times your honor's opinion in the Williams case. Um, and I respectfully disagree. I understand your honor's concerns or your honor's thoughts and argument in that opinion. And I think part of, excuse me, part of what we see flowing throughout several of these opinions, it's, it's referenced in, in the, uh, a couple of cases that we submitted as the 28 J, uh, things from other circuits, they're not controlling obviously in any way, um, is that we have two different tracks, if you will. Uh, we have armed career criminal and we have career offender or guideline. It's career offender in this case, but guideline, uh, concerns for base offense level and career offender. Both of those issues, uh, they come up on a daily basis. Both of those involved looking at a prior conviction undisputed measured against, or looked at in light of a current federal conviction, a sentencing. I don't think anyone would dispute that we use the version of the guidelines in effect at the time of sentencing. There, there's no dispute on that. So that really isn't the issue either in a nutshell, but I think armed career criminal, which several of these cases and they're set out, you're on a reference in some, in the, in your opinion, in the, the Williams matter, several of those look to ACCA, which again is a different statutory underpinning than. Can I ask you something about that? Because they're both recidivism, right? Both the career offender and the ACCA are recidivism and in McNeil, I know it's not controlling because it's an ACCA. They were looking at serious drug offense and they were looking historically and they said it's a backward looking inquiry. Why wouldn't, and we've always, they've kind of career offender and because when you point to 1B1.11, all that saying is apply the current guidelines, which we're doing, we're applying the current career offender guideline. If the career offender guideline took out serious drug offenses as a qualifying offense, of course we wouldn't look at it, but it didn't, it left it in controlled substance offense. And so it's a historical inquiry. We look at the history, we do the same thing they did in McNeil, the same thing that most of the circuits do in the immigration context, in Doe and Martinez and those cases. And we look at the time of conviction. Why isn't that right? What am I missing? Well, I think it isn't, I say right. I think it's the, it's not the correct point of review because of the difference, then I think there is a difference with the career offender or the guideline application. Explain to me that difference. I'm sorry to interrupt you because I'm really struggling with what the difference is. I get 1B1.11, no one's saying the current guidelines don't apply. So what's the difference? Well, I think as I've indicated in my brief, if we look at the statute controlling 994I as far as career offender, armed career criminal, the career offender guideline 994H is what we're looking to, which does not have identical language. And unfortunately, and I say that I'm not being flippant, unfortunately for this court and every on up, armed career and career, so far as prior qualifiers, a crime of violence, a controlled substance offense, a serious controlled substance offense, the language has unfortunately become blurred and almost used interchangeably, which is understandable, certainly. And I myself, I'm sure do that any number of times. But 994H does not reference exactly the same language as I. 994H doesn't reference federal, state, local felony language. What are you, exactly what are you talking about? I'm sorry, I'm looking at H. Are you looking at H what? I'm sorry, H2B compared to 994I. An offense described, that language? Yes, sir. Okay, and so I'm not sure I'm following the difference. Well, it's that drug offenses are described under 994I subsection 5, and it references the Controlled Substance Act, which obviously is a federal definitional, if you will, statute. But it doesn't reference federal, state, or local, as is referenced in other portions of that statute, and other places in the guidelines. And it, maybe it is a difference without a distinction, you know, I don't know. But I think that there is a difference in the ACCA frozen, if you will, looking at, at the time of conviction, did it involve this element, which is violent, usually is what's being looked to there. Right. Not the nature, well, I suppose it is the nature of that conviction, but we talk about serious controlled substances in relation to ACCA, which is merely concerned with the length of a potential sentence. Can I ask one more question, which is, if we follow your approach to defendants, right, sentenced, who are, who commit the same exact crimes previously, same state, sentenced on the same day for those crimes, and commit a new federal crime on the same date, their sentencing could determine whether they fall under the career, the date of their sentencing could determine whether they fall under the career offender guidelines or not, if the guidelines, if the schedules change in the interim, not the guidelines, but the schedules, right. So, one would be a career offender and one would not, didn't McNeil take account of this and say, we're making a decision that we're not going to let that happen. And why wouldn't that apply with equal force here? Well, I think, I'm sorry, my time has elapsed, if I can be allowed to answer. You can certainly answer his question, and I'm going to have a question, so we're going to take you over your time. Okay. Thank you, Your Honor. I think that, well, I would say that might, in fact, be true. But whether it's fortunately or unfortunately, that situation, someone who has ostensibly, and maybe actually, the same prior conviction might face a vastly different sentence, depending on the timing of the conviction, under the guidelines. If it doesn't count for points anymore, it doesn't count for career, just to use a colloquial expression that defense attorneys use. Ms. Smothers, that would be true if, under my scenario, they commit the crimes on the identical day, right. You're saying two similarly situated people would get vastly different sentences based on the theory underlying your argument, and underlying some other circuits. You're correct about that. Well, and all I can offer, Your Honor, is that may be true. But again, the guidelines themselves create that very outcome for different reasons, whether it's the age of a conviction and how it is hardwired in, and I'll refer to the- Do you agree age of conviction has a logic to it, right? When they're over a certain amount of time old, that's different than my scenario, where there's no logic to the distinction and sentence. Well, I would offer that that's one of the few, as a defense attorney, that's one of the few aspects of the guidelines that I find refreshing or meaningfully helpful to most defendants. But again, we don't see that with armed career. So again, it's hardwired in that age has no relevance in those cases, which is an argument for another day. But I simply think that, to be quite honest, and with deference to Justice Cook, certainly, I think that the court was correct in this case, in the Williams opinion, and also, of course, in Perry, which I know were resolved on more narrow grounds with the standard of review. But I think the basis of the opinion is correct in those cases. In this case that we look to, is it overbroad at the time? Look at what he was sentenced of, then compare that to the schedules, if you will, or to the potential pool now, it's overbroad. And because of that, it simply should not qualify. And I think that that's not an unreasonable or an improper finding, regardless of McNeil and those other cases, because I think there is a difference in how ACC matters are certainly statutorily structured and reviewed. I think I'll hold my comment. Mr. Ritz, thank you. Thank you. And may it please the court, Kevin Ritz, for the United States, the district court, in our view, properly calculated Mr. Clark's guideline range. The binding precedent has something to say about this question. And even if this court considers this to be an open question, the court should apply the time of conviction rule and will at least note the precedent point. Garth was a marijuana conviction precisely like this one. Garth was sentenced after the empty scheduling. The whole appeal was litigated after that descheduling occurred. It is true that no one argued this point in the Garth case, but the Garth holding is that possession with intent to deliver is categorically a controlled substance offense. And if no one argued that that can't be a holding of this court. Your Honor, in our view, that's the discrete legal. We understand at times discrete legal questions can lurk in the record. And if there is no application of the judicial mind to the question, however, the rule was that these convictions qualify. We would characterize the argument being made now as an argument against that rule. And it was not raised, but that doesn't mean that the legal rule is not binding. I recognize that neither the Williams panel nor the Perry panel engaged with that point, so I can move on to the timing point. In our view, the time of conviction rule is the superior rule. It's supported by the text of the guidelines and most notably by case law. The text 4B1.2B does not tell us a clear answer or else we wouldn't be here. 4B1.2C does give us a clue. And in Mallett, a significant case for this issue today, this court said, quote, that provision strongly suggests that a time of conviction rule should apply in 4B1.2B as well. And on the textual point, 1B1.11 is a red hearing. It does not get us any closer to the answer to the question that's posed by this case. It merely tells us what we all know that when we walk into a sentencing hearing, we use the guidelines that manual that's four years old, but it's still the current guidelines manual. That happened in this case. That happened in Mallett. That happened in McNeil, of course, which was an ACCA case. But if 1B1.11 answered this question, then Mallett would have come out the other way because Mallett was, of course, interpreting the current 4B1.2 version at the time and said, this is a backward inquiry when we're talking about these prior convictions. But even more than the text, the case law, McNeil and Mallett in particular are essentially, as we put it in the brief, compel a result in our favor. McNeil, there is no meaningful difference for purposes of this case between the ACCA context of McNeil and the career offender context. Here, it's a recidivist statute. We're asking if whether this prior drug conviction qualifies to enhance someone's sentence. McNeil told us that's a backward looking inquiry. We can't allow changes in the law to just erase these convictions. And they're saying that- But Mr. Ritz, I wonder if you've spent any time with other circuit decisions. Okay, you have. And those seem to take much heart out of the idea that, well, this is ACCA and that's distinct from what Williams posed. Okay? So those courts really buy that this is a distinguishing feature and we can write off McNeil. Do you read it? Absolutely, Judge Cook. They do write off McNeil. They rely heavily on 1B1.11. Neither of those points we find very persuasive. And frankly, it's a little head scratching that there hasn't been more engagement with McNeil's dictates. I also don't think those- Why do you find them head scratching? I'm not sure I follow. I thought Judge Barron's opinion was pretty thoughtful. So I'm curious. Is that Abdul Aziz in the First Circuit? Yes. Yes. Thoughtful, sure, Judge. In our view, at the end of the day, taking the wrong approach. And I guess what I would say- What he's saying is how problematic, right? He's looking at the prior sentence and he's saying for career offender purposes, how problematic is it at the time of sentencing? That's what he directly says. Correct. And why doesn't that at least- why doesn't that theory fly? The guidelines say apply the current guidelines. I'm applying the current guidelines. So I should look at how problematic this is under the current guidelines. If that principle won out, Judge Thapar, then McNeil and Millett would have come out the other way because in those cases, the jurisdiction at issue had changed the penalty provision in those cases to make those offenses less severe, less significant. But we don't look at it at the time of the federal sentence. Yeah, but he's saying- In Abdul Aziz's, I understand, Judge Barron, he's saying that's different in kind because that's an element of the offense. And this is an element of the offense. Go ahead, I'm sorry. Well, I want to tread carefully with the elements discussion because one of the things we flag in our brief is that if we lose, the divisibility question is going to be a really big one. But in our view, this gets back to the matching that Ms. Smothers was discussing. And yes, we do this matching exercise. We use- let's take the Garth's articulation of the categorical approach. And it's that first step that we think these other courts are getting it wrong. That first step, we map out what conduct is criminalized under the guidelines definition. In our view, this question of whether the drug was listed or not, it's in a different basket than the conduct. The conduct is possession with intent. When you go to trial, either in the federal system or in the state system, a jury is not asked to find is X drug on a list somewhere. It's told that it's on the list. It's really, I don't want to say ancillary, but in some ways, it is ancillary to the conduct. Just like in the use of force clause context, we're talking about whether assault of conduct qualifies, whether burglary is burglary. Those are conduct questions. This is a different administrative, almost mechanical box checking list comparing exercise, just like the, is it punishable by 10 years or more, or is it punishable by one year or more, which under McNeil and Mallett, we are told we look backwards. That's really where we think these other courts are getting it wrong. I'm glad to be asked about these other courts because Ms. Smothers did call this court's attention to a decision from last Friday from the 11th Circuit, Jackson. It actually posited a third timing rule, the time of federal offense rule. In our view, that kind of proves our point that basically the defendants and courts that are opting against the time of conviction rule cannot even decide on what the time, the right timing rule is. I do want to flag, like I said, these prudential points that we pointed out. We think we went on text and case law, but with any line drawing exercise, we want to draw one that makes sense and that is easy to apply. Our rule, in our view, avoids some strange outcomes, which Judge Lepar touched on, and it essentially delegates, I'm sorry, if the time of sentencing rule governed, that would delegate to the DEA's administrative rulemaking process who would be a career offender and who wouldn't. And that's, in our view, not the right path to go down. It could change. What about the textual analysis that the First Circuit uses, and they say previous conviction or prior conviction, those are historical by nature, but controlled substance offense is not? Your Honor, we don't think that gets very far because at a federal sentencing, controlled substance offense is always looking to a past conviction. Yes, it may just look to the present conviction, but that's still a past conviction by the time we get to federal sentencing, if I explained that correctly. In our view, it just doesn't, it's not a very compelling distinction between this case and McNeil. I do want to, like I mentioned, it avoids, our rule avoids these strange outcomes. It also, I do want to say, it avoids some really tricky and difficult future litigation. We flagged that certainly if Mr. Clark were to win this case, we would see defendants try to argue that that same rule should apply in the ACCA context, that it would apply to the federal marijuana conviction. And this is not just a hemp case. We are seeing it in the other circuits. We're seeing this type of timing argument with regard to the heroin definition, to the cocaine definition. It's a hemp case for Mr. Clark, but it's not just a hemp case in terms of the rule that this court sets out. And that last, the last prudential concern I want to flag is that divisibility point. That is a significant trap in our view, because if this court were to hold and lop off marijuana convictions from the we're seeing it in these other courts of appeals cases, arguments about whether those statutes are divisible by drug type. And if the answer is no, and marijuana convictions are out, then essentially all of those drug convictions under that particular statute will be out. And just take the federal statute, for example. We would be basically having an argument about whether all federal convictions are excluded from being controlled substance offenses. I'm not going to prejudge the result of that litigation, but the notion that we would be even having that conversation in our view suggests that we would have embarked upon the wrong path. This case provides the opportunity to, in our view, go or stay on the right path of tethering this, pegging this at the time the prior conviction occurred. I can talk about some of these other points. We did flag the federal versus state issue. I think everyone understands that there is a circuit split on that question, but it's not necessary for this court to get into that in this case because of the change. The change happened essentially simultaneously in Tennessee in the federal schedules. If there are no further questions, we do ask this court to adopt the time of conviction rule and affirm. All right, Ms. Smothers, you'll have your rebuttal time. Thank you, Your Honor. I would, and again, both sides, as Your Honors are well aware, have briefed and argued all of these, I think, these questions. And I would simply note briefly, excuse me. We know you're sick. Beg your pardon? You're still sick. Sorry. Well, just a lingering, the more I talk, the more I cough. So I think that the McNeil case and the Mallette case, there is a distinction because of the change, the substantial change in those states, in that state's law before the review was undertaken, as this court noted in the Williams case, in the main opinion, that we're looking, this statute still exists. It's still possession with intent to distribute or to sell or whatever, in this case, distribute various controlled substances under Tennessee law. The change that had happened in the Mallette case has not happened in this Tennessee statute. So I think that aspect of the review is different, and a legitimate difference, because the offense is still higher. Can I ask you one more question about 4B1.2? It says that, and Judge Cook highlighted this in Williams, the term two prior felony convictions means the defendant committed the instant offense of conviction. And now, imagine me italicizing, subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense. To me, the language subsequent to, so the conviction has to be subsequent to the controlled substance offense. That indicates, like in McNeil, it's backward looking. And so why isn't that language, we always start with the text, controlling, and then when you go back to the career offender, it uses the language prior, two prior, either felony convictions or crimes of violence. And so, or I'm sorry, crimes of violence or controlled substance offenses. So all the language suggests it's backward looking. Prior, that you sustain the conviction subsequent to the controlled substance offense. To me, convictions suggest it's backward looking. Everything suggests it's backwards looking. Why wouldn't we use that language to say we look back? Well, I think, and specifically, and I have actually had this situation, it's maybe it's rare, but I have experienced it with some of my prior clients. The language your honor is referring to in 4B1.2, where it says the prior felony convictions that the federal offense, the instant offense was committed subsequent to sustaining two felony convictions. Clearly, subsequent to means something happened prior. I mean, there's absolutely no dispute on that. The difference is that compared to ACCA again, which is where we circle around with similar concerns. I have had a client that had a federal drug charge, drug conviction that would have triggered or resulted in a career offender categorization. They had a prior, an earlier, maybe that's a better word. They had an existing drug felony conviction. None of the issues we're talking about here were raised or were at issue in that, but they had an existing drug felony conviction. The federal offense then happened. Between the federal event and the federal sentencing, they incurred and were convicted of another state drug felony offense. At the time of sentencing, they had two prior drug felony convictions, but they weren't career offender because it's looking to, it said that the offense there was committed subsequent to sustaining. Again, that language is not seen in that. That is a difference in and of itself. It's not the specific difference we're talking about today, but it is a real and meaningful difference because parsing out that timeline, if you glance at it, well, you have a prior conviction here. You have a prior conviction here. One, two, we got a new drug felony, your career, but he wasn't because the federal crime happened in between those. That's an odd event, but that's how it fell. The guidelines allowed that at the time he stood to be sentenced, he had two prior convictions, just like the man in the next cell, but because of when that happened, he was not career. I say that to say this book, this system creates some strange anomalies. I don't believe the government's concern that if your honors rule, as we are requesting that this case does, his prior conviction does not qualify as a controlled substance offense for the grounds we have argued. If that is the basis of the ruling, I do not believe that means that what will result is that all federal drug convictions can be successfully argued against all prior state drug convictions. Those are broad hypotheticals for another day. I think you need to bring this to a conclusion, Ms. Mothers. Yes, sir, your honor. Thank you. And if there's no further questions, I think we have stated our case. Thank you, your honor. We appreciate the argument both of you given. We'll consider the case carefully and we have no further cases to be argued. So the court may adjourn court. This report is now adjourned.